## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3169 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Hub Group, Inc. vs. PS Express, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion to Dismiss and, in the alternative, Motion for Transfer are DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 15 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 2004 OCT 14 PM 2:19 | date mailed notice | |
| WAP | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS  FILED
EASTERN DIVISION

OCT 14 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

HUB GROUP, INC.,

    Plaintiff,

v.

PB EXPRESS, INC.,

    Defendant.

Case No. 04 C 3169

Hon. Harry D. Leinenweber

DOCKETED
OCT 15 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss, or, alternatively, Motion for a Change of Venue. For the reasons set forth below, Defendant's Motions are denied.

### I. INTRODUCTION

The parties' dispute centers on a transaction to transport a container of soap from the Colgate Palmolive Plant in New Concord, Ohio to Rancho Cucamonga, California. Hub City Cleveland, LP, a subsidiary of Plaintiff Hub Group, Inc., contracted with Defendant PB Express to transport the soap to a rail yard in Chicago for intended subsequent travel by train to California. According to PB Express, the truck driver transporting the soap experienced mechanical difficulties in transit, and, after leaving the container unattended, the soap was lost or stolen.

Hub Group is a national company headquartered in Downer's Grove, Illinois, which provides shipping logistic services. At all

times pertinent to this complaint, Hub Group operated through regional "Hub centers," including Hub City Cleveland, LP. (The parties appear to disagree on the nature of the corporate affiliation between Hub Group and Hub City Cleveland, but this dispute does not impact the present opinion.) PB Express is an Ohio corporation located in Cleveland, Ohio and its business leases trucks to conduct interstate shipping.

## II. DISCUSSION

### A. Jurisdiction

PB Express initially seeks to dismiss the complaint for lack of personal jurisdiction. PB Express argues that Hub Group is a "stranger" to the contract at issue here, which on its face is solely between Ohio entities (PB Express and Hub City Cleveland). It also notes that the contract was for transport from Ohio to California, with Chicago serving only as an intermediary stop to transfer to rail transport. In addition, PB emphasized that the soap never entered Illinois. Finally, according to PB Express, all factual matters required to prove the case are located in Ohio.

Hub Group, in turn, argues that PB Express consented to Illinois jurisdiction and venue by entering into a 1994 Motor Transportation Contract (the "1994 Contract") with Hub Group's Highway Division. This 1994 Contract contained a forum selection clause specifying that disputes arising under the 1994 Contract must be litigated in Illinois. In addition, Hub Group argues that

PB Express consented to personal jurisdiction by virtue of being subject to federal statutory provisions governing interstate motor carriers, such as PB Express. Moreover, even if PB Express did not expressly or impliedly consent to personal jurisdiction, Hub Group argues that PB Express is subject to specific and general jurisdiction because it transacted and is doing business in Illinois.

Plaintiff Hub Group carries the burden of proof to establish personal jurisdiction. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) This burden, however, is low: Hub Group need only make a *prima facie* showing of personal jurisdiction to survive a motion to dismiss. *See id.* In addition, all disputed facts, including conflicting testimony in affidavits, must be resolved in Hub Group's favor. *See id.* Hub Group, however, must make a showing based on specific facts set forth in the record, rather than via conclusory allegations. *See id.* at n.13.

### 1. Consent

#### a. *Express Consent Via The 1994 Contract*

Hub Group initially relies on the 1994 Contract between PB Express and Hub Highway Services, which is purportedly "a subsidiary operating center" of Hub Group. Pls. Mem., Ex. C (J. Wall Aff.). As noted above, this contract contains an explicit provision granting forum and venue selection in this court. Hub

Group also contends, via John Wall's affidavit, that the 1994 Contract "renews automatically each year" and "to the best of [his] knowledge" the contract was in effect at the time of the lost cargo. *Id.* at ¶ 5. PB Express does not dispute the existence of this contract, but rather claims that it is nothing more than an "obsolete contract from 1994 between different parties than [sic] the parties to the subject transaction." Defs. Reply Mem. at 2. In addition, PB Express argues that Hub Group's affidavit is "improperly presented" because it is not based on personal knowledge. *Id.* at 3. Specifically, the affiant, John Wall, could not have personal knowledge of the 1994 Contract because "he was not employed at Hub Group when the contract was negotiated or signed." *Id.*

PB Express's concerns about John Wall's lack of personal knowledge are misplaced. It is certainly true that an affidavit must be based on personal knowledge, which usually – but not necessarily – includes in-person observation of events. *See, e.g., Visser v. Packer Engineering Assoc., Ltd.*, 924 F.2d 655, 659 (7th Cir. 1991). But personal knowledge also allows for inferences. *See id.* The requirement of "personal knowledge" is aimed at preventing "flight of fancy, speculations, hunches, intuitions, or rumors about matters remote from" personal experience. *Id., citing Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989). PB Express's sole authority is consistent with this

proposition. *See Drake v. Minnesota Min. & Mfg. Co.*, 135 F.3d 878 (7th Cir. 1998).

It cannot be said that John Wall's statements as to the 1994 Contract are the sort of "flights of fancy" that are so removed from personal knowledge that they must be rendered a nullity. *See id.* The bulk of his affidavit simply speaks to the provisions of 1994 Contract – which are self-evident in any event – and the background context of the contract. True, John Wall is a newcomer to Hub Group, having arrived in December 2002, and therefore was apparently not at the company during any of the relevant time period. That said, as Director of Risk Management, he presumably has educated himself on the nature of Hub Group's contracting practices and thus there is a sufficient nexus between his present personal knowledge, albeit derived from others, and the content of his affidavit.

A thorny issue arises regarding Wall's statement that the 1994 Contract was in effect at the time of the lost cargo. PB Express does not focus on this particular issue, but the Court must. In his affidavit, Wall qualifies that his comments on this topic are to the best of his "knowledge and belief." J. Wall Aff. at ¶ 5. Unfortunately for Hub Group, an affiant is not recognized for his best efforts to obtain knowledge and belief: he either knows the fact, and can therefore competently attest to it, or does not, and must accordingly refrain. *See, e.g., Corder v. Lucent*

*Technologies, Inc.*, 162 F.3d 924, 927 (7th Cir. 1998); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Thus, Wall's statements as to whether the 1994 Contract was in place are a nullity.

The end result, however, is that the parties present (at most) a factual dispute about whether the forum selection clause in the 1994 Contract binds PB Express. This alone does not defeat Hub Group's position. Hub Group need only make a *prima facie* case of personal jurisdiction, even when alleging consent as a basis for jurisdiction. *See R.R. Donnelley & Sons Co v. Jet Messenger Service, Inc.*, 2004 WL 1375402, *2 (N.D. Ill. 2004). Hub Group has done this by attaching the 1994 Contract and providing enough specific facts in John Wall's deposition, irrespective of the nullified portions, to make a case for personal jurisdiction.

### b. Implied Consent Via Federal Statute

Hub Group has also established a *prima facie* case of implied consent through the federal statutory provisions pertaining to interstate motor carriers. Specifically, Title 49 U.S.C. Section 13304(a) requires all interstate motor carriers, such as PB Express, to designate an agent for service of process in any state in which they conduct business. *See* 49 U.S.C. § 13304(a). There is no dispute that PB Express falls under the purview of this provision. And there is no dispute that PB Express conducted business in Illinois - at least up until the year 2000. PB Express,

however, has not designated an agent in Illinois pursuant to the federal statute.

The difficulty that PB Express faces here is that a recent decision in this Circuit held that "a corporation has consented to be sued in the forum where it designates an agent to receive service of process." *Donnelley*, 2004 WL 1375402 at *4. PB Express could have a technical argument that *Donnelley's* position on implied consent does not apply because PB Express never made the predicate act of designating an agent for service of process in Illinois. PB Express wisely does not make such an argument, however, because there is authority for the proposition that failure to comply with the statutory requirements of 49 U.S.C. § 13304 does not allow a motor carrier to evade jurisdiction. *See Ocepek v. Corporate Transport, Inc.*, 950 F.2d 556, 560 (8th Cir. 1991).

Instead, PB Express seeks to distinguish *Donnelly* on the basis that the transaction at issue in that case involved "a base of operations" in Chicago and an "intentional breach of a subcontract agreement executed in Illinois." Def. Reply Mem. at 4. Here, PB Express appears to argue that the *Donnelly* holding depended on the existence of other minimal contacts with Illinois, aside from the designation of an agent in Illinois pursuant to federal statute. This is plainly wrong. The *Donnelly* court reached its decision based upon a finding of <u>consent</u>, presumably derived from compliance

with federal statute. Personal jurisdiction derived from consent does not require consideration of due process issues or minimal contacts with the forum state: indeed, a party can have *no* contacts with a forum state and still consent to personal jurisdiction there. *Cf. Donnelly*, 2004 WL 1375402 at *3-*4 (noting plaintiff's position that the "federal statute effects personal jurisdiction over Jet [defendant] in Illinois courts without any requirement that Jet have any further minimum contacts with Illinois," and ultimately agreeing with plaintiff's position).

The Court finds no reason - and PB Express provides no competing authority in this Circuit - to disagree with Judge Holderman's reasoning and decision in *Donnelly*. Accordingly, Hub Group has established a *prima facie* case for both express and implied consent. As a result, the Court need not address the issues of whether Hub Group can establish specific or general jurisdiction.

### B. Transfer for Forum Non-Conveniens

In the alternative, PB Express moves for a transfer of forum pursuant to Federal Rule 1404(a). The main issue here is whether PB Express has made a sufficient showing that the convenience of the parties and witnesses, as well as the interests of justice, clearly weigh in favor of a transfer to Ohio. *See generally*, *Pierce v. System Transport, Inc.*, 2002 WL 731136 (N.D. Ill. 2002). PB Express has not made the requisite showing. As an initial

matter, PB Express's statements requiring convenience are mostly conclusory in nature, without sufficient specificity for this Court to make an informed balancing of the pertinent factors. Potential witnesses are unidentified – and thus individualized determinations of importance and inconvenience is unknown – and the requisite elements of proof for both Hub Group's case in chief, as well as any affirmative defenses, are unspecified.

In short, PB Express has not provided sufficient information for this Court to overturn the general rule that a plaintiff is entitled to any proper venue of choice, absent a showing of unusual hardship. Based upon PB Express's submission, the Court can only conclude that a transfer would simply shift hardships from PB Express to Hub Group.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and, in the alternative, Motion for Transfer are **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: October 14, 2004